IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 23-21648-CMB |
| Thomas C. Madden | : | |
| Devin M. Madden | : | |
|     Debtors | : | Chapter 13 |
| _____ | : | |
| Thomas C. Madden | : | Scheduled Hearing Date: |
| Devin M. Madden | : | February 27, 2024 at 1:30 p.m. |
|     Movants | : | |
| | : | |
| V. | : | Related to Docket No. 59 |
| | : | |
| ACAR Leasing Ltd, | : | |
| Associated Bank, | : | |
| Baxter Credit Union, | : | |
| BCU, | : | |
| Capital One, | : | |
| Care Credit, | : | |
| Discover Bank, | : | |
| Duquesne Light Company, | : | |
| GM Financial, | : | |
| Home Depot Credit Services, | : | |
| Jefferson Capital Systems LLC, | : | |
| Levin Furniture, | : | |
| LVNV Funding, LLC, | : | |
| Mohela/Dept of Ed, | : | |
| PHFA, | : | |
| Portfolio Recovery Associates, LLC | : | |
| SYNCB/Amazon, | : | |
| UPMC Health Services, | : | |
| UPMC Physician Services, | : | |
| Ronda, J. Winnecour, Trustee | : | |
|     Respondents | : | |

**<u>AMENDED ORDER</u>**

      **AND NOW**, this _____ day of _____, 2024, upon consideration of the Debtor's Motion to Sell Property Free and Clear of All Mortgages, Liens and Encumbrances, to Thomas Garrison for $167,000.00, after hearing held in Courtroom "B", 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA , this date, the Court finds:

    1.    That the service of the Notice of Hearing and Order Setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondents,

was effected on the following Secured creditors whose liens are recited in said Motion for Private Sale, viz:

| **DATE OF SERVICE** | **NAME OF LIEN OR AND SECURITY** |
|---|---|
| January 31, 2024 | Pennsylvania Housing Finance Agency |

2. That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.

3. That said Notice of Sale was duly advertised in the Pittsburgh Tribune Review and the Pittsburgh Legal Journal, as shown by the Proof of Publications duly filed.

4. The sale was advertised on the Courts EASI website.

5. That at the sale hearing the highest/best offer received was that of the above Purchaser and no objections to the sale were made which would result in the cancellation of said sale.

6. That the purchase price of $167,000.00 offered by Thomas Garrison was a full and fair price for the property in question. **With an amended sellers assist in the amount of $10,020.00 (6%) the net purchase price is $156,980.00.**

7. That the purchaser has acted in good faith with respect to the within sale.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED, that the sale by Special Warranty Deed of the real property known as 829 Hawkins Ave, West Mifflin, PA 15122 is hereby CONFIRMED to Thomas Garrison for $167,000.00, **with an amended sellers assist of 10,020.00 (6%) making the net price of $156,980.00**, free and divested of the above recited liens and claims, and, that the Movants are authorized to make, execute and deliver to the Purchaser above named the necessary deed and or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

IT IS FURTHER ORDERED, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extend they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

IT IS FURTHER ORDERED, that the following expense/costs shall be paid at the time of

closing. Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions, including other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

1. The following liens/claims shall be paid in full at closing:
    A. Pennsylvania Housing Finance Agency, payoff amount of**, $83,245.85;**
2. All appropriate tax certificates have been provided and the current real estate taxes, pro-rated to the date of closing **$ TDB**;
3. The costs of local newspaper advertising in the amount of **$357.50** (this fee to be reimbursed to Michael C. Eisen, Esq.);
4. The costs of legal journal advertising in the amount of **$377.00** (this fee to be reimbursed to Michael C. Eisen, Esq.);
5. Court approved realtor commission in the amount of **$9,418.80 plus $400.00 fee**;
6. Court approved attorney fees to Michael C. Eisen, Esq. in the amount of **$1,500.00**;
7. Reimbursement to Michael C. Eisen, Esq. for filing fee of Motion to Sell Real Estate **$199.00**;
8. Reimbursement to Michael C. Eisen, Esq. for cost of postage and photo copies **$25.75**;
9. Chapter 13 Trustee "percentage" fees in the amount of **$0.00** payable to Ronda J. Winnecour, Esq., Chapter 13 Trustee, PO Box 2587, Pittsburgh, PA 15230;
10. All net proceeds, not to exceed $27,900.00, which is the amount exempted on Schedule C of the Debtor's bankruptcy petition, shall be paid directly to the Debtor at the closing.
11. Any remaining "net proceeds" from the closing as identified on the HUD-1 to the Chapter 13 Trustee payable to Ronda J. Winnecour, Chapter 13 Trustee, PO Box 84051, Chicago, IL 60689.

IT IS FURTHER ORDERED that:
1. Closing shall occur within thirty (30) days of this Order;
2. Within ten (10) days following the closing, the Movant shall file a Report of Sale which shall include a copy of the HUD-1 or other Settlement Statement;
3. Within seven (7) days of the date of this Order, the Movant shall serve a copy of

        the within Order on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the Debtor, the Closing Agent, the Purchasers, and the attorney for the Purchaser, if any, and file a certificate of service.

4. This Sale Confirmation Order survives any dismissal or conversion of the within case.

5. Notwithstanding anything in the sale agreement to the contrary, the Bankruptcy Court shall have exclusive jurisdiction to resolve any dispute arising out of this transaction.

        BY THE COURT:

_____
U.S. BANKRUPTCY JUDGE